**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

      Plaintiff,

**v.**                                    **CRIMINAL ACTION NO.: 3:13-CR-25-1**
                                              **(GROH)**

**DANIEL ROBERT MYERS, JR.,**

      Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND USSG AMENDMENT 782

Pending before this Court is the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and USSG Amendment 782, [ECF 89], in which the Defendant seeks a reduction of his sentence under Amendment 782 to § 2D1.1 of the United States Sentencing Guidelines.

18 U.S.C. § 3582(c)(2) provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

1

In considering reductions under § 3582(c)(2), neither the appointment of counsel nor a hearing is required. <u>See</u> <u>United States v. Dunphy</u>, 551 F.3d 247 (4th Cir.), <u>cert. denied</u>, 129 S. Ct. 2401 (2009); Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding involving the reduction of sentence under 18 U.S.C. § 3582(c)).

"In determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment [782], and all other guideline decisions will remain unaffected." <u>United States v. Gilliam</u>, 513 F. Supp. 2d 594, 597 (W.D. Va. 2007) (citing USSG § 1B1.10); <u>see also</u> <u>Dillon v. United States</u>, 560 U.S. 817, 826 (2010) ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.").

In this case, despite the fact that the appointment of counsel is not required, the defendant's interests are represented by the Federal Public Defender, who reviewed this case on defendant's behalf. In addition, at this Court's request, the United States Probation Office has reviewed the defendant's eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2) and has calculated the defendant's amended guideline range.

In this case, the original sentencing judge found a base offense level of 12, plus 2 levels for a firearm, for a total offense level of 14. With a criminal history category of VI, the guidelines provided a sentencing range of 37 to 46 months. The Defendant was sentenced to 46 months. Under the Amendment 782 Guideline Calculations, the Defendant's base offense level did not change, because the minimum base offense level of 12 must be retained in this case.

Accordingly, the Court **DENIES** the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and USSG Amendment 782.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and the USPO and to mail a copy to the Defendant.

**DATED:** March 30, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE